IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,         :
      Plaintiff
                                   :

      vs.                         :   CRIMINAL NO.  1:CR-02-015

                                   :
SHAWN HARRIS,
      Defendant              :

*M E M O R A N D U M*

I.    *Introduction.*

        This case is here on remand from the Third Circuit. On February 25, 2004, we issued a memorandum and order denying Defendant's pro se motion under 28 U.S.C. § 2255. The Clerk of Court did not send a copy of the memorandum and order to Defendant. Thinking that his motion was still pending, Defendant filed an "addendum" to the motion on September 24, 2004. On September 29, 2004, concluding that the addendum was in effect a second 2255 motion, we dismissed it for lack of jurisdiction.

        On appeal, the Third Circuit reversed, ruling that since Defendant had never been notified that his 2255 motion had been denied, the addendum, properly construed, was really a motion for relief from judgment under Fed. R. Civ. P. 60(b). As so construed, it had merit and should have been granted. The

court of appeals directed us to grant Defendant relief from the order of February 25, 2004, and to consider not just the addendum, but his "§ 2255 motion, as amplified by the claims asserted in his Addendum." *United States v. Harris*, No. 04-3958, Order at p. 4 (3d Cir. Mar. 4, 2005).

II.   *Discussion*.

After review of the 2255 motion and our previous memorandum, we believe our resolution of those claims as amplified by the addendum need not be disturbed.  We thus need only resolve whether the claims in the addendum have merit by themselves.

The addendum argues the following.  First, all the enhancements used to set Defendant's criminal-history category were improper because they were not charged in the indictment, proved to a jury beyond a reasonable doubt or admitted by Defendant.  Second, Defendant's base-offense level was improperly set at 24 based on two prior convictions for a crime of violence (PSR, ¶ 12) and increased by two points for possessing a handgun with an obliterated serial number (PSR, ¶ 13) when the allegations underlying these enhancements were not charged in the indictment, proved to a jury beyond a reasonable

2

doubt or admitted by Defendant.  Third, trial counsel was ineffective in not raising these claims.

Defendant has cited no law in support of the addendum, but it appears that the claims set forth in it are based on one or more of the following cases: *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed. 2d 435, 455 (2000) (any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt); *Blakely v. Washington,* ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004) (applying *Apprendi* to any factual finding allowing a sentence increase under state sentencing law, eliminating the statutory-maximum element); and *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (extending *Blakely* to the federal sentencing guidelines and allowing their use by the judge at sentencing only in an advisory capacity).

The first and second claims are rejected because Defendant took no direct appeal in this case, and section 2255 is not a substitute for an appeal.[1]  *Government of the Virgin*

---

[1] One of Defendant's claims in his 2255 motion is that his trial counsel failed to take an appeal when Defendant requested it.  However, looking at that claim anew, as required by the mandate, we resolve it against Defendant, based on our reasoning in the February 25, 2004, memorandum.

*Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985).  We could entertain these claims if Defendant excused his procedural default by satisfying the cause-and-prejudice standard or by demonstrating that he is actually innocent.  *See Bousley v. United States*, 523 U.S. 614, 622-23, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828, 839-40 (1998).  However, Defendant has made no attempt to meet the cause-and-prejudice standard, and he does not claim to be actually innocent.

Cause must be something "external" to the defense. *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000), so the ineffectiveness of counsel guaranteed by the Sixth Amendment can be cause under the theory that the state (being "external" to the defendant) must supply effective counsel.  *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397, 408-09 (1986).  *Apprendi* could be the basis for the first and second claims since *Apprendi* was decided in 2000 and Defendant was sentenced on November 21, 2002, so Defendant could argue counsel's ineffectiveness to avoid the procedural bar on these two claims.  (In fact, ineffective counsel is his third claim.)  However, the statutory maximum sentence for Defendant's offense (a violation of 18 U.S.C. § 922(g)) was ten years, *see* 18 U.S.C. § 924(a)(2), his guidelines range was ninety-two to 115 months, and Defendant was sentenced to ninety-two months, a

4

sentence within the statutory maximum.  At the time of Defendant's sentencing, no court, including the Third Circuit, thought that a sentence within the statutory maximum violated *Apprendi*.  *See United States v. Wenzel*, 359 F. Supp. 2d 403, 411 (W.D. Pa. 2005) (collecting cases).  Hence, trial counsel was not ineffective for not challenging any sentencing enhancement under *Apprendi*.  *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005)(only in a rare case will an attorney be ineffective in not making a claim that could not be supported by the existing law as an attorney has no duty to anticipate changes in the law); *Wenzel, supra*, 359 F. Supp. 2d at 411.

Neither *Blakely, supra,* nor *Booker, supra*, can assist Defendant on the first two claims either.  Under Fed. R. App. P. 4(b)(1) and Fed. R. App. P. 26(a)(2)(pre-December 1, 2002, version), Defendant had until December 2, 2002, to file an appeal.  His conviction thus became final on that date.  But *Blakely* was decided on June 24, 2004, and *Booker* on January 12, 2005.  These precedents do not apply retroactively in initial 2255 proceedings to cases that became final before they were decided.  *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)(*Booker* is not retroactive); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005)(*Blakely* is not retroactive); *United States v. Aikens*, 358 F. Supp. 2d 433, 440

(E.D. Pa. 2005)(declining to apply *Booker* on an initial 2255 motion). *Accord United States v. Swinton*, 333 F.3d 481, 490 (3d Cir. 2003)(*Apprendi* is not retroactive).

As to Defendant's third claim, ineffectiveness of counsel in not raising claims one and two at his sentencing, our discussion above of ineffectiveness in the procedural-default context also disposes of the substantive ineffectiveness claim. As noted, trial counsel is not ineffective in not anticipating changes in existing law. *Davies*, 394 F.3d at 189.[2]

IV.   *Certificate of Appealability*.

We will deny the 2255 motion. We must also decide whether to grant a certificate of appealability on any of the grounds raised. *See* 28 U.S.C. § 2253(c)(1). We will deny a

---

[2] In any event, it appears that Defendant's *Booker* claim has no merit in regard to the use of his two previous convictions for a crime of violence. Prior convictions may still be used to calculate a sentence without requiring their proof to a jury beyond a reasonable doubt. *See Booker*, *supra*, ___ U.S. at ___, 125 S.Ct. at 756, 160 L.Ed.2d at 650 (reaffirming that part of *Apprendi*'s holding that allows the court to take into account prior convictions). Defendant's two previous convictions were for aggravated assault under Pennsylvania law. One statutory element of that state-law crime, 18 Pa. C.S. § 2702, includes causing, or attempting to cause, serious bodily injury, essentially the same factor U.S.S.G. § 2K2.1(a)(2), cross-referencing to U.S.S.G. § 4B1.2, relies on to determine the base-offense level. Hence, this is a legal determination that does not raise an issue of fact under *Apprendi* or *Booker*. *See United States v. Trala*, 386 F.3d 536, 547 n.15 (3d Cir. 2004).

6

certificate of appealability, based on the analysis in this memorandum and the memorandum of February 25, 2004.  However, Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

>   /s/William W. Caldwell
> William W. Caldwell
> United States District Judge

Date: May 6, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           :
    Plaintiff
                               :

vs.                                 :   CRIMINAL NO.  1:CR-02-015

                               :
SHAWN HARRIS,
    Defendant                       :

*O R D E R*

AND NOW, this 6th day of May, 2005, it is ordered that:

    1.  Defendant's addendum (doc. 35), construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b), is granted.

    2.  The order (doc. 34) of February 25, 2004, denying the 2255 motion (doc. 26) is hereby vacated.

    3.  The motion (doc. 26) under 28 U.S.C. § 2255 as amplified by the addendum (doc. 35) is denied.

    4.  A certificate of appealability is denied.

                                      /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge